IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LANDON COLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-489 |
| | § | |
| HERCULES DRILLING COMPANY, LLC | § | |
| and HERCULES DRILLING, LLC | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

This maritime personal injury action arises out of injuries sustained by Landon Cole ("Plaintiff") while employed by Hercules Drilling Company, L.L.C. d/b/a Hercules Drilling Company ("HDC") on the jack-up rig HERCULES 11. Now before the Court comes Defendants HDC and Hercules Drilling, LLC's (collectively "Defendants") Motion to Transfer Venue to the Western District of Louisiana. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

**I. Background**

Plaintiff allegedly suffered injuries on August 25, 2004, while he was climbing down one of the HERCULES 11's legs to install mooring lines. Plaintiff alleges that one of Defendants' employees dropped his tools several stories onto Plaintiff's head, which resulted in his injuries. The HERCULES 11 is owned, operated and/or managed by Defendants. At the time of the alleged injury, the HERCULES 11 was in the East Cameron Block of the Gulf of Mexico off the coast of Louisiana. Plaintiff worked as a roustabout for HDC, and is a resident of Sugartown, Louisiana, located in the

1

Western District of Louisiana.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

**III.   Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)

(citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer of this case to the Western District of Louisiana. In support of this argument, Defendants have outlined the testimony of four key fact witnesses, two of whom reside in Louisiana, one in Mississippi, and one here in Texas. Defendants acknowledge that three of these witnesses are their employees. Since Defendants can compel the attendance at trial of their own employees, the availability and convenience of these potential witnesses is given less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003).

The fourth witness named by Defendants, Sam Brakefield, lives in Bryan, Texas, within the Southern District of Texas. Mr. Brakefield was the safety representative on the HERCULES 11 at the time of Plaintiff's alleged accident, and may have knowledge of the facts and circumstances surrounding Plaintiff's alleged accident. Mr. Brakefield is no longer employed by Defendants, but he is a resident of the Southern District of Texas. As a resident of this District, the Court's subpoena power may be used to compel attendance at a deposition within 100 miles of his residence, place of employment or where he regularly transacts business. *See* FED. R. CIV. P. 45(b)(2), 45(c)(3)(A)(ii). The Court may also compel Mr. Brakefield to attend trial here in Galveston if reasonably compensated for his time and efforts. *See* FED. R. CIV. P. 45(c)(3)(B)(iii). Plaintiff argues that his current treating physician as well as his economist reside in this District. Although Defendants have

3

shown transfer of this case to the Western District of Louisiana would be slightly more convenient for the witnesses under their control, they have not shown that it would be more convenient on the whole for all parties and witnesses. This factor weighs neither in favor nor against transfer.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient for all the parties involved." *Id.* In support of their argument for transfer, Defendants claim that the cost of obtaining the attendance of witnesses and other trial expenses weighs in favor of transfer because all parties and witnesses reside far from Galveston. This is not entirely true. First, Mr. Brakefield, one of Defendants' key fact witnesses, resides far closer to Galveston than any courthouse within the Western District of Louisiana. Second, HDC is Texas limited liability company with an office in Houston, Texas. On the other hand, the day-to-day operations of the HERCULES 11 were conducted out of HDC's Lafayette/New Iberia, Louisiana office, and many fact witnesses live closer to the Western District of Louisiana than Galveston. This factor weighs neither in favor nor against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in personal injury cases. Given that the records pertaining to Plaintiff and Defendants are in Houston, Texas and Lafayette, Louisiana, it appears that there is no added advantage to transferring this case. Whether books and records are shipped from Lafayette to Galveston, or from Houston to Lafayette makes little difference. Additionally, neither side has given the Court any indication that the records located in Louisiana are so voluminous as to cause either Party to incur substantial cost in transporting them to this Court. *See*

4

*LeBouef*, 20 F. Supp. 2d at 1060. Therefore, this factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Sugartown, Louisiana. Defendants claim that Plaintiff chose this District for unknown reasons. Plaintiff responded to this argument by pointing out that his treating physicians reside within this District, and that Defendants are Texas limited liability companies headquartered in this District. Although Plaintiff does not reside in this District, his choice still requires some deference unless the case has absolutely no connection to this forum. *Id*. at 1109. *See also SMI-Owen Steel Company v. St. Paul Fire & Marine Ins. Co.*, 113 F. Supp. 2d 1101, 1107 (S.D. Tex. 2000). There is some connection to this forum in that Defendants' headquarters are within this District and Plaintiff's current treating physicians reside within this District. Therefore, this factor weighs against transfer.

E. *Place of the Alleged Wrong*

Defendants also argue that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the HERCULES 11 was in the East Cameron Block of the Gulf of Mexico off the coast of Louisiana, near Cameron, Louisiana. Cameron, Louisiana, is located within the Lake Charles Division of the Western District of Louisiana. This factor weighs in favor of transfer.

F. *Potential for Delay*

Any transfer will produce some delay. *See Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 373 (S.D. Tex. 2004). Plaintiff has suffered a serious head injury, and as such is in

need of prompt resolution of his case. If the Court transferred this case, it would go to the end of the line in the transferee court. On the other hand, this case has been given a firm trial setting in this Court, and transfer would "result in Plaintiff losing the benefit of this Court's expeditious and cost-efficient manner of handling cases." *McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684 (S.D. Tex. 2002). Undoubtedly transfer would prejudice Plaintiff to some degree, however, Plaintiff has not shown that transfer at this stage of the proceedings would cause significant delay or prejudice. *See In re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002). As such, this factor weighs neither for or against transfer.

### IV. Conclusions

The Court would like to thank Counsel for the excellent briefs submitted in this matter. This Court's job is made far easier when the motions before it are well-prepared. Of course, that does not necessarily render the decision that the Court must make less difficult. This is especially true in a close case such as this.

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendants have not carried their burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 4th day of January, 2006, at Galveston, Texas.

*[signature]*

Samuel B. Kent
United States District Judge